

COURT OF COMMON PLEAS
WARREN COUNTY, OHIO

Martha Bethel
7930 Woodview Ct.
Maineville, Ohio 45039

and

Richard D. Bethel, Jr.
7930 Woodview Ct.
Maineville, Ohio 45039

    Plaintiffs,

vs.

Regina Marie Brumley-Rebholz
8914 Constable Drive
Alexandria, Kentucky 41001

and

Golden Rule Insurance Company
c/o statutory agent CT Corporation
System
150 West Market Street, Suite 800
Indianapolis, Indiana 46204

    Defendants.

CASE NO.: 18CV091060

Judge: JUDGE ODA

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND DAMAGES

Plaintiffs, Martha and Richard Bethel, ("Plaintiffs"), by and through counsel, for its complaint against Defendants Regina Marie Brumley-Rebholz and Golden Rule Insurance Company, state the following, upon information and belief.

## VENUE AND JURISDICTION

1. Plaintiffs Martha Bethel and Richard Bethel, Jr. are married and at all times relevant herein were and are residents of Warren County, State of Ohio residing at 7930 Woodview Ct., Maineville, Ohio 45039.

2. Defendant, Golden Rule Insurance Company ("Golden Rule"), is an Indiana corporation, doing insurance business in the State of Ohio.

3. Defendant, Regina Marie Brumley-Rebholz ("Rebholz"), at all times relevant herein, was the agent of Golden Rule Insurance Company and is a licensed insurance agent in the State of Ohio.

4. Golden Rule is separately and vicariously liable for its own actions and the actions of its agent, Regina Marie Brumley-Rebholz.

5. The events that form the basis of this Complaint occurred in Warren County, Ohio.

6. Venue and jurisdiction are proper in the Court of Common Pleas, Warren County, Ohio.

## FACTUAL ALLEGATIONS

7. Plaintiffs restate as if fully rewritten herein, each and every allegation contained within paragraphs 1 through 6 so as to sustain the foregoing paragraphs of this Complaint as set forth herein.

8. In September, 2016, Plaintiff Richard D. Bethel, Jr., applied for health insurance coverage with the Defendant, Golden Rule Insurance Company. Plaintiff, Richard D. Bethel, Jr., applied for the insurance through Defendant's agent, Regina Marie Brumley-Rebholz, to purchase the health insurance coverage. She assisted Mr. Bethel in answering all of the

pertinent questions on the application form for health insurance, including preexisting conditions. Upon completing the application, Mr. Bethel was under the impression that he obtained insurance coverage for his wife and himself.

9. On September 28, 2016, Plaintiff, Richard D. Bethel, Jr., learned, through Defendant, Regina Marie Brumley-Rebholz, the application had not been processed. He was directed by the agent, Regina Marie Brumley-Rebholz, to go online and to fill out the online application. At the direction of Regina Marie Brumley-Rebholz, Mr. Bethel applied for health insurance coverage for he and his wife, through the Defendant, Golden Rule Insurance Company. Mr. Bethel paid for the health insurance coverage during the online application process.

10. After filling out the application, the Defendant, Golden Rule Insurance Company, issued a policy of insurance to Plaintiffs Martha Bethel and Richard D. Bethel, Jr. which provided insurance coverage for short term medical coverage and supplemental accident benefit. A true and accurate copy of the policy of insurance is attached hereto as Exhibit 1.

11. Plaintiffs purchased the Policy from Defendants with the understanding and expectation that Defendants would act in good faith and deal fairly pursuant to the Policy and the obligations created thereunder.

12. The Policy issued by Defendant Golden Rule Insurance Company to Plaintiffs contained an implied covenant that neither party would do anything to deprive the other party of the benefits of the Policy.

13. Plaintiffs' initial payment was delivered on or about September 29, 2016.

14. Under the Policy, the insurance became effective at 12:01 AM on September 29, 2016.

15. Under the Policy, the insurance termination date was 12:01 AM on September 24, 2017.

16. After initial payment, Plaintiffs continued to submit a monthly payment of $73.89 for dental and $543.70 for medical on the first of every month.

17. On or about September 25, 2016, Plaintiff, Martha Bethel was admitted into the Bethesda North Hospital complaining of back pain. She was diagnosed with degenerative changes and was told to follow up with her primary care physician.

18. On or about October 1, 2016, Plaintiff, Martha Bethel was admitted to the hospital for low back pain. An MRI was done which indicated that she had a spinal abscess and infection in her lower back. She was admitted to the hospital for this condition. She was in and out of the hospital and in and out of treatment throughout the remainder of 2016. As a result of this infection, Plaintiff Martha Bethel has incurred in excess of $124,000.00 in medical bills. Many of these medical bills have been sent to collection.

19. On or about February 8, 2017, Plaintiffs received a letter from Defendant Golden Rule Insurance denying insurance benefits, alleging that Plaintiffs had not cooperated with Defendant's inquiries. Exhibit 2.

20. On or about February 17, 2017, Plaintiffs' counsel responded to Defendant Golden Rule Insurance's denial letter, asserting that Plaintiffs had fully cooperated and requesting all relevant documents regarding the denial.

21. On or about February 20, 2017, Defendant Golden Rule Insurance sent a letter to Plaintiffs informing them their claim was denied as a result of misrepresentation of material fact and preexisting condition. Exhibit 3.

22. On numerous occasions, Plaintiffs requested a complete copy of the claim file, in addition to a complete and certified copy of the policy of insurance in effect, to which no response was given.

23. On or about April 26, 2017, Plaintiffs received a letter from Defendant Golden Rule Insurance indicating a panel reviewed the voidance of Plaintiffs' coverage, and the decision to void coverage was upheld.

24. On July 24, 2017, Defendant sent a letter to Plaintiffs that informed them their claims were being denied as a result of an alleged misstatement in the application in response to question eight. Exhibit 4. Specifically, question eight of the application asked the following:

    i. Have you or has any person named in question 1 had testing performed and has not received results or been advised by a medical professional to have treatment, testing or surgery that has not been performed (Excluding HIV and AIDS testing)?

    ii. RESPONSE: Plaintiff, Richard D. Bethel, Jr. filled out the application process initially with the assistance of insurance agent, Regina Marie Brumley-Rebholz and later, online, the answer was NO.

25. As a result of the answer in the application, the Defendant Golden Rule Insurance has refused to pay any of the medical bills that were incurred by Plaintiffs as the result of the infection she sustained in her lower back which resulted in hospitalizations beginning on October 1, 2016.

26. To date, Plaintiffs have exhausted all administrative avenues that they were required to exhaust under the policy of insurance.

27. Pursuant to the policy, on or about January 15, 2018, Plaintiffs sent a letter to Defendant Golden Rule to inform them of Plaintiffs' intent to file suit.

## COUNT ONE: BREACH OF CONTRACT

28. Plaintiffs restate as if fully rewritten herein, each and every allegation contained within paragraphs 1 through 27 so as to sustain the cause of action in Count One.

5

29. There is a valid and existing insurance agreement between Plaintiffs and Defendant, Golden Rule Insurance.

30. Plaintiffs did everything that they were required under the contact, including paying the Policy premiums each month.

31. Defendant's, Golden Rule's, denial of coverage was unreasonable and/or without proper justification and/or without proper investigation.

32. Defendant's, Golden Rule's, denial demonstrated a failure or refusal to discharge a known and obvious contractual responsibility and it was prompted by a conscious and deliberate act, which frustrated an agreed upon purpose of the Policy, thereby depriving Plaintiffs of the bargained-for-benefits.

33. The actions of the Defendant, Golden Rule, as described herein constitutes a Breach of Contract.

34. As a direct and proximate result of the Defendant's, Golden Rule's, Breach of Contract, Plaintiffs sustained damages in excess of $124,000.00, in an amount to be proved at trial.

COUNT TWO: NEGLIGENCE

35. Plaintiffs restate as if fully rewritten herein, each and every allegation contained within paragraphs 1 through 34 so as to sustain the cause of action in Count Two.

36. Defendant, Regina Marie Brumley-Rebholz assisted and instructed the Plaintiff, Richard D. Bethel as to how to fill out the application for the insurance coverage. The recommendations and instructions provided by Regina Marie Brumley-Rebholz were negligent in that she improperly instructed Mr. Bethel how to fill out the insurance application. Defendant, Regina Marie Brumley-Rebholz, is the agent of Defendant, Golden Rule. Golden Rule is vicariously liable for the actions of its agent Rebholz pursuant

6

to the doctrine of respondeat superior. As a result of the actions as described herein, Plaintiffs have been damaged in excess of $124,000.00 in an amount to be proven at trial.

## COUNT THREE: BREACH OF STATUTORY REQUIREMENTS

37. Plaintiffs restate as if fully rewritten herein, each and every allegation contained within paragraphs 1 through 36 so as to sustain the cause of action in Count Three.

38. Defendant, Golden Rule breached its statutory duties under Ohio law in the handling of the Plaintiffs' health insurance claim, including, but not limited to, the requirements under OAC §3901-8-11 Unfair Health Claim Practices.

## COUNT FOUR: DECLARATORY JUDGMENT ACTION AGAINST GOLDEN RULE

39. Plaintiffs restate as if fully rewritten herein, each and every allegation contained within paragraphs 1 through 38 so as to sustain the cause of action in Count Four.

40. Based upon the terms and conditions of the Golden Rule insurance policy, Golden Rule insurance company is required to pay for the medical treatment that Plaintiff, Martha Bethel, received as more fully described herein.

41. Pursuant to ORC §2721.01 et seq., Plaintiffs state that there is a controversy that exists between them and Golden Rule Insurance Company and the Plaintiffs are entitled to a declaration of the rights, duties and obligations of Golden Rule Insurance Company arising under the terms and conditions of the policy and under Ohio law.

42. Plaintiffs are entitled to a declaration that the Golden Rule Insurance Policy provides coverage for the medical treatment that Plaintiff, Martha Bethel received as described herein.

## COUNT FIVE: BAD FAITH

43. Plaintiffs restate as if fully rewritten herein, each and every allegation contained within paragraphs 1 through 42 so as to sustain the cause of action in Count Five.

44. The actions of the Defendants as described herein were done without reasonable justification in denying Plaintiffs claims for medical insurance payments under the policy of insurance and was done without reasonable justification and in violation of Ohio law. The Defendants' actions constitute bad faith.

45. As a direct and proximate cause of Defendants' bad faith, Plaintiffs have incurred medical expenses in excess of $124,000.00. Many of these bills have been sent to collection and as a result of the Defendant's bad faith, Plaintiffs have sustained severe emotional distress in an amount to be proven at trial but in excess of $25,000.00.

46. The actions of the Defendants as described herein constitute a reckless and conscious disregard for the Plaintiffs rights and the actions of the Defendants demonstrate malice and/or aggravated or egregious fraud, entitling Plaintiffs to punitive damages.

47. As such, the Plaintiffs are entitled to an award of damages for bad faith and an award of punitive damages and attorney fees against the Defendants in accordance with Ohio law in an amount to be determined at trial, but in excess of $25,000.00.

**WHEREFORE**, Plaintiffs, Martha Bethel and Richard D. Bethel, Jr. hereby demand judgment against the Defendants, Golden Rule Insurance Company and its agent, Regina Marie Brumley-Rebholz, jointly and severally for an amount in excess of $124,000.00, in compensatory damages, damages for bad faith, for punitive damages, for special damages, for attorneys' fees, prejudgment interest, post judgment interest any other relief this Court finds just and appropriate, all in an amount to be proven at trial.

Respectfully submitted,

DRODER & MILLER CO., L.P.A.

_/s/ Jeffrey T. Kenney_
Jeffrey T. Kenney (0051807)
Melanie Lennon (0095576)
125 West Central Parkway
Cincinnati, Ohio 45202-1006
(513) 721-1504 ext. 202
Fax: (513) 721-0310
jkenney@drodermiller.com
mlennon@drodermiller.com
Attorneys for Plaintiffs

**TO THE CLERK:**

Please serve Defendants by Certified Mail at the above-referenced addresses.

_/s/ Jeffrey T. Kenney_
Jeffrey T. Kenney (0051807)
Melanie Lennon (0095576)
Attorneys for Plaintiffs

CERTIFIED COPY
JAMES L. SPAETH, CLERK
WARREN COUNTY, OHIO
COMMON PLEAS COURT

BY _____
DEPUTY

9