UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MARTHA BETHEL, et al., | ) | CASE NO. 1:18-CV-00354 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Timothy S. Black |
| vs. | ) | Magistrate Judge Stephanie K. Bowman |
| | ) | |
| REGINA MARIE BRUMLEY-REBHOLZ, et al., | ) | **MOTION FOR JUDGMENT ON THE** |
| | ) | **PLEADINGS OF DEFENDANT REGINA MARIE** |
| Defendants. | ) | **BRUMLEY-REBHOLZ** |
| | ) | |
| | ) | |

Now comes Defendant, Regina Marie Brumley-Rebholz, by and through counsel, and hereby moves this Honorable Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs' Complaint fails to state a claim for relief upon which relief can be granted because Plaintiffs' Complaint fails to meet the pleading requirements of federal law. As such, Defendants are entitled to judgment as a matter of law. A Memorandum in Support of this Motion is attached hereto and incorporated by reference herein.

Respectfully submitted,

**REMINGER CO., L.P.A.**

/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)
525 Vine Street, Suite 1700
Cincinnati, OH 45202
PH: 513-721-1311
FX: 513-721-2553
Email: cstarts@reminger.com
*Attorney for Defendant Regina Marie Brumlely-Rebholz*

1

**MEMORANDUM IN SUPPORT**

**I.    STATEMENT OF THE FACTS**

This is a Negligence, Breach of Contract, and Bad Faith case that stems from Plaintiffs', Martha Bethel and Richard Bethel, Jr., purchase of health insurance on September 28, 2016. (*See generally*, Complaint). Plaintiff, Richard Bethel, initially contacted Defendant, Regina Marie Brumley-Rebholz, a licensed insurance agent, to purchase health insurance coverage, through Golden Rule Insurance Company, for himself and Plaintiff, Martha Bethel. (*Id*., ¶ 8). Plaintiffs allege Mrs. Brumley-Rebholz assisted Mr. Bethel in answering "pertinent questions on the application form for health insurance, including preexisting conditions" on the first application for health insurance. (*Id*.). However, because the first application was not processed, Plaintiffs allege on September 28, 2016, Mrs. Brumley-Rebholz directed Mr. Bethel "to go online and to fill out the online application." (*Id*. at ¶ 8). The second attempt at applying for health insurance online was successful, where "Golden Rule Insurance Company[] issued a policy of insurance to Plaintiffs Martha Bethel and Richard D. Bethel[.]" (*Id*., ¶ 10, *see*, Ext. 1). The insurance became effective on September 29, 2016. (*Id*. at ¶ 14).

Plaintiffs further allege that Mr. Bethel paid an initial payment to procure the insurance purchased online through the second application. (*Id*. at ¶ 9). According to Plaintiffs, they "continued to submit monthly payments of $73.89 for dental and $543.70 for medical on the first of every month." (*Id*. at ¶ 16).

On September 25, 2016, prior to the online application for health insurance, Ms. Bethel was admitted to a hospital complaining of back pain. (*Id*. at ¶ 17). "She was diagnosed with degenerative changes and was told to follow up with her primary care physician." (*Id*.). On October 1, 2016, Ms. Bethel was again admitted to the hospital for back pain and diagnosed with a spinal

abscess and infection in her lower back. (*Id*. at ¶ 18). Plaintiffs allege they have incurred expenses in excess of $124,000.00 for Ms. Bethel's medical treatment. (*Id*.).

The litigation in this case derives from Mr. Bethel's answer to the online application for health insurance. (*Id*. at ¶¶ 9, 24, *see also* Ext. 4). Question Eight of the application asked the following: "[h]ave you or [Ms. Bethel] . . . been advised by a medical professional to have treatment . . . ?" (*Id*. at ¶ 24, *see* Ext. 4). Mr. Bethel answered no to Question Eight. (*Id*.). Defendant, Golden Rule Insurance Company, has since denied coverage for treatment beginning on October 1, 2016, for Ms. Bethel's back due to the answer given by Mr. Bethel in Question Eight. (*Id*. at ¶ 25).

Plaintiffs' Complaint alleges five Counts, of which, only two apply to Mrs. Brumley-Rebholz, because Plaintiffs have only asserted allegations against her in Count Two and Five. Count Two is a negligence claim where Plaintiffs allege that Mrs. Brumley-Rebholz's "recommendations and instructions" were negligent because "she improperly instructed Mr. Bethel how to fill out the insurance application." (*Id*. at ¶ 36).

Count Five alleges bad faith, specifically that "[t]he actions of the Defendants as described herein were done without reasonable justification[,]" "constitute a reckless and conscious disregard for the Plaintiffs rights[,]" and "demonstrate malice and/or aggravated or egregious fraud[.]" (*Id*. at ¶¶ 44, 46). Plaintiffs also allege they have suffered severe emotional distress from the acts listed above. (*Id*. at ¶ 45).

II.  **LAW AND ARGUMENT**

    A.  **Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Federal Rule

of Civil Procedure 10(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Therefore, it is appropriate for the Court to rely on Exhibits B and C as part of the pleadings.

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Township of Comstock,* 592 F.3d 718, 722 (6th Cir.2010) (citing *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511–12 (6th Cir.2001)).

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard seeks more than a possibility that a defendant has acted unlawfully. *Id.* Where a complaint does not permit a court to infer more than the mere possibility of misconduct, the complaint has not shown that the complainant is entitled to relief. *Id.* at 679.

Additionally, "to determine whether a complaint survives a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), courts '"must construe the complaint in the light most favorable to plaintiff.'" *Day v. DeLong*, 2017 U.S. Dist. LEXIS 196570, at *7 (S.D.Ohio Nov. 30, 2017). Even when doing so in the present case, Plaintiff's claims are unambiguously time barred by ORC § 2305.09. Furthermore, these Defendants, as a matter of law, did not owe a fiduciary duty to Plaintiff and Plaintiffs' claims are barred by the economic loss doctrine. This is exactly the type of action Fed. R. Civ. P. 12(c) was designed to prevent. Accordingly, for the reasons more fully discussed below, judgment on the pleadings in Defendants' favor is appropriate.

**B.  Plaintiffs' Negligence Claim Must Fail Because Defendant Mrs. Brumley-Rebholz Had No Duty to Assist or Instruct on How to Fill out Plaintiffs' Insurance Application**

   1.  <u>No Evidence Shows Any Special Level of Trust or Confidence Existed Between Plaintiff and Defendant Such That A Special Duty to Advise on How To Fill Out The Insurance Application Existed</u>

As a general rule, the relationship between an insurance agent and his or her customer is an ordinary business relationship and not a fiduciary relationship. *Advent v. Allstate Ins. Co.*, 2006-Ohio-2743, ¶ 14 (Ct. App.); *Slovak v. Adams*, 141 Ohio App. 3d 838, 846, 753 N.E.2d 910, 916-17 (2001); *Roberts v. Maichl*, 2004-Ohio-4665, ¶ 15 (Ct. App.). However, a fiduciary relationship can arise from such an informal relationship when both parties understand that a special trust or confidence has been reposed, but more than mere reliance. *Advent v. Allstate Ins. Co.*, 2006-Ohio-2743, ¶ 14 (Ct. App.) (citing *Ed Schory & Sons v. Francis*, 1996-Ohio-194, 75 Ohio St. 3d 433, 442, 662 N.E.2d 1074, 1081-82; *Hoyt v. Nationwide Mut. Ins. Co.*, 2005-Ohio-6367, ¶¶ 30-31 (Ct. App.); *Nichols v. Schwendeman*, 2007-Ohio-6602, ¶ 18 (Ct. App.)). *See also Nielsen Enters. v. Ins. Unlimited Agency, Inc.*, No. 85AP-781, 1986 Ohio App. LEXIS 6754, at *7 (Ct. App. May 8, 1986) ("While the law has recognized a public interest in fostering certain professional relationships, such as the doctor-patient and attorney-client relationships, it has not recognized the insurance agent-client relationship to be of similar importance. Thus, the relationship is defined by the ordinary standard of care, and by the principles of tort and contract.").

Absent special circumstances giving rise to a fiduciary duty, Ohio law imposes a duty to exercise reasonable care on insurance agents in only two instances. First, an insurance agent owes his client a duty to exercise good faith and reasonable diligence in undertaking to acquire the coverage that his client requests. *Damon's Mo., Inc. v. Davis*, 63 Ohio St. 3d 605, 609 n.2, 590 N.E.2d 254, 258 (1992) (citing *First Catholic Slovak Union v. Buckeye Union Ins. Co.*, 27 Ohio

5

App. 3d 169, 170, 499 N.E.2d 1303, 1305 (1986)); *Nichols v. Progressive Ins. Co.*, 2002-Ohio-3058, ¶ 32 (Ct. App.). This is also stated as "a duty to exercise good faith and reasonable diligence in obtaining insurance that its customer requests." *See, e.g.* Tor*nado Techs., Inc. v. Quality Control Inspection, Inc.*, 2012-Ohio-3451, ¶ 19, 977 N.E.2d 122, 125 (Ct. App.). Second, if an agent knows that the customer is relying upon the agent's expertise, then the agent also owes a duty to exercise reasonable care in advising the customer. *Advent*, 2006-Ohio-2743, at ¶ 17; *First Catholic Slovak Union*, 499 N.E.2d at 1304; *Cont'l Cas. Co. v. Auto Plus Ins. Agency, LLC*, 676 F. Supp. 2d 657, 664 (N.D. Ohio 2009) (an agency has no specific duty to advise a client unless "the agency knows that the customer is relying upon its expertise."). In sum, an insurance agent has a duty of reasonable care only in the two instances specified above. *Advent*, 2006-Ohio-2743, at ¶ 17 n.2.

In the present case, Plaintiffs allege Mrs. Brumley-Rebholz had a duty to assist and instruct Mr. Bethel on how to fill out the insurance application. (Complaint at ¶ 36). However, no duty under Ohio law exists in this case because a duty to advise only arises if an agent knows that a client is relying upon his expertise. *Id.* at ¶ 19.

First, Plaintiffs fail to allege any fact that shows they relied upon Mrs. Brumley-Rebholz's expertise. However, Plaintiffs do allege Mrs. Brumley-Rebholz's assisted in answering questions. (*Id*. at ¶ 8-9). Yet, assist is not the equivalent or synonym of advise and should not be taken as such. *Compare* Ballentine's Law Dictionary (2010) (Advise is "[t]o give advice; to offer an opinion as worthy or expedient to be followed; to counsel.") (citing *Long v. State*, 23 Neb. 33, 45, 36 N.W. 310, 315 (1888)), *with* Bouvier Law Dictionary (2012) (Assist is "[h]elp provided to someone else or something else. . . . Assistance can take any form including . . . the provision of information.") (citing *Wedgewood Vill. Pharmacy v. DEA*, 379 U.S. App. D.C. 14, 21-22, 509 F.3d 541, 548-49 (2007)).

6

Second, assuming *arguendo* that this Court finds "assist" is a synonym of "advise," the Complaint is clear that the successful application was completed by Mr. Bethel online without the assistance of Mrs. Brumley-Rebholz. Plaintiffs allege that Mrs. Brumley-Rebholz assisted Mr. Bethel in answering the pre-existing condition question during the first application. (*Id*. at ¶ 8). However, Plaintiffs fail to allege that Mrs. Brumley-Rebholz assisted Mr. Bethel in answering the pre-condition question for the second application that was completed online.[1]

In sum, Plaintiffs claim against Mrs. Brumley-Rebholz fails because no facts were alleged that Plaintiffs relied on Mrs. Brumley-Rebholz's expertise. Further, no facts were alleged that Mrs. Brumley-Rebholz was involved at all when Mr. Bethel was completing the online application. Thus, Defendant, Mrs. Brumley-Rebholz, owes no duty to Plaintiffs other than perhaps to procure the insurance requested, which was undoubtedly procured based on Plaintiffs' admissions in the Complaint.

    2.  <u>No Facts Show Mrs. Brumley-Rebholz Knew Mr. Bethel Was Relying on a Special Expertise</u>

Even assuming *arguendo* that Plaintiffs did rely on Mrs. Brumley-Rebholz's expertise and Mrs. Brumley-Rebholz did advise Mr. Bethel on answering questions in the online application (which she did not), no facts show Mrs. Brumley-Rebholz was aware that Plaintiffs were relying on her expertise. When a plaintiff fails to allege that an insurance agent was aware that they were relying on his or her expertise, the Compliant should be dismissed. *Auto Plus*, 676 F.Supp.2d. at 664 (the court granted defendant's motion for summary judgment where plaintiff's complaint contained no allegation that defendant knew plaintiff was relying on defendant's advice).

---

[1] Paragraph Eight of the Complaint lays out the facts of the first insurance application. Paragraph Nine lays out the facts of the second insurance application that was completed online. *See also* Paragraph 24(i), where plaintiffs allege that assistance was given initially on the first application, but no assistance alleged for the second application completed online.

7

Additionally, the Complaint fails to allege that there was any special trust or confidence that Mrs. Brumley-Rebholz should have been aware of because assisting in answering questions to an insurance application is not so extraordinary to put Mrs. Brumley-Rebholz on notice that Mr. Bethel was relying on some special expertise.

In *Horak v. Nationwide Ins. Co.*, 2007-Ohio-3744, ¶¶ 59-60 (Ct. App.), the court found for defendant where plaintiffs' reliance on defendant was no different than the reliance any client would place on an insurance agent. Specifically, Plaintiffs relied on Defendant to determine whether they were adequately insured because they were not insurance agents. *Id*. at ¶ 58. Here, Plaintiffs gave Defendant some personal facts and relied on Defendant to make a choice for them because they did not know what to choose. *Id*. at ¶¶ 58-59. However, Plaintiffs' reliance was not so extraordinary as to put Defendant on notice of a special trust or confidence in him. *Id*. In sum, Plaintiffs gave Defendant some personal facts, received the agent's personal opinion, and then agreed with the opinion received on what amount of coverage he thought they should have.

Similarly, in *Vinecourt Landscaping, Inc. v. Kleve*, 2013-Ohio-5825, ¶¶ 40-41 (Ct. App.), the court held that normal, everyday, actions, do not demonstrate the "the bilateral understanding required to convert an arms-length business relationship into a fiduciary one." Plaintiffs did not understand their policy, but trusted defendant to provide the correct coverage. *Id*. No evidence showed that defendant knew plaintiffs were relying on him because assisting a customer and answer their questions is a common, everyday thing.

The present case is like *Horak* and *Vinecourt*, where assisting and asking for instructions on how to fill out an insurance application, if true, is not so extra ordinary to put Mrs. Brumley-Rebholz on notice that Mr. Bethel was relying on some special expertise. Insurance agents are asked questions and for assistance all the time. If extraordinary reliance were to be shown for every

8

answer by an insurance agent, then agents would stop answering questions. Moreover, Plaintiffs did not allege that they provided enough information to Mrs. Brumley-Rebholz in order to properly answer the pre-existing condition question, nor that she told him what answers to put; Plaintiffs only allege that [Mrs. Brumley-Rebholz] improperly *instructed* Mr. Bethel *how to fill out* and *assisted in answering* questions (*Id*. at ¶¶ 8-9, 36) (emphasis added). In sum, when an insurance agent instructs or assists someone on how to fill out an insurance application, it does not show extraordinary reliance because instructing and assisting customers when filling out an application is a common, everyday act for an insurance agent.

In sum, an insurance agent only has a duty when the agent knows that the customer is relying upon the agent's expertise, then the agent owes a duty to exercise reasonable care in advising the customer. However, Plaintiffs failed to allege they relied on Mrs. Brumley-Rebholz's expertise; failed to allege Mrs. Brumley-Rebholz's knew Plaintiffs were relying on her expertise; and finally, as an insurance agent, assisting and helping customers fill out insurance applications is a common, every day, act and does not show that there was any special trust or confidence that Mrs. Brumley-Rebholz could have been aware of. Indeed, the only duty Mrs. Brumley-Rebholz had was to procure the insurance, which was procured. There as no heightened or additionaly duty owed. For all these reasons, Judgment on the Pleadings should be granted for Defendant, Mrs. Brumley-Rebholz.

### C. Plaintiff's Negligence Claim is Barred by the Economic Loss Doctrine

Plaintiff's claim must also be dismissed under the economic loss doctrine. This doctrine provides that "a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Mafcote, Inc. v. Genatt Assocs.*, No. 1:04-CV-853, 2007 U.S. Dist. LEXIS 10117, at *18 (S.D. Ohio Feb. 14, 2007)

(quoting *All Erection & Crane Rental Corp. v. Acordia Nw., Inc*., 162 F. App'x 554, 559 (6th Cir. 2006)).

As this court is well aware, the economic loss rule "generally prevents recovery in tort of damages for purely economic loss." *Clemens*, 2015-Ohio-1232, ¶ 34, citing *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio05409, 835 N.E.2d 701, ¶ 6. As such, "a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Id. See also Caruso v. Natl. City Mtge. Co.*, 187 Ohio App.3d 329, 2010-Ohio-1878, 31 N.E.2d 1167, ¶ 13 ("Under the economic-loss rule, a plaintiff who has suffered only economic loss due to another's negligence cannot recover damages."); *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 44, 537 N.E.2d 624 (1989) ("a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable").

"[I]t has been repeatedly held that regardless of the general duty owed by an insurance broker [or agent] to an insured . . . the economic loss doctrine bars pure negligence claims (and professional negligence claims) against insurance companies, agents or brokers." *Momentive Spec. Chem., Inc. v. Chartis Spec. Ins. Co.*, No. 2:11-cv-00583, 2012 U.S. Dist. LEXIS 32211, at *12 (S.D. Ohio Mar. 12, 2012). Under Ohio law, the "inability to recover under an insurance policy for injury or damage is an economic loss." *Potts v. Safeco Ins. Co.*, 2010-Ohio-2042, ¶ 20 (Ct. App.) (citing *Long v. Time Ins. Co.*, 572 F. Supp. 2d 907 (S.D. Ohio 2008)).

In the present case, Plaintiff damages are caused from the inability to recover under their insurance policy. The inability to recover under an insurance policy is an economic loss. Because there was no contract for Plaintiffs to recover economic damages, they are barred from recovery under the economic loss doctrine. *OC Prop. Mgmt., L.L.C. v. Gerner & Kearns Co., L.P.A*., 2008-

Ohio-4709, ¶¶ 13-14 (Ct. App.) (holding that where there is no contract between the parties, and damages are purely economic, the economic loss rule bars negligence and breach of fiduciary duty claims). Simply, Plaintiffs are barred from recovering against Mrs. Brumley-Rebholz.

> **D.  Punitive Damages Cannot be Considered Because no Other Cause of Action Remains Against Defendant Regina Marie Brumley-Rebholz**

Mrs. Brumley-Rebholz's is named in Count Two and Five in the Complaint. (*Id*. at ¶¶ 36, 44-46). Based on the foregoing sections of this Motion, Count Two, alleging negligence should be dismissed and as such, Count Five, alleging punitive damages, should also be dismissed for the reasons discussed below.

Compensable harm stemming from a cognizable cause of action must be shown to exist before punitive damages can be considered. *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 462-63 (6th Cir. 2010); *Niskanen v. Giant Eagle, Inc*., 2009-Ohio-3626, ¶ 13, 122 Ohio St. 3d 486, 489-90, 912 N.E.2d 595, 599. Specifically, punitive damages may not be awarded in the absence of actual damages. *Helfinstine v. Plasticolors*, 2009-Ohio-2442, ¶¶ 74-75, 182 Ohio App. 3d 430, 443, 913 N.E.2d 470, 480 (citing *Argrov Box Co. vs Illini Four Co.*, No. CA 6947, 1981 Ohio App. LEXIS 13598, at *6 (Ct. App. June 15, 1981). Thus, Plaintiffs have no right to maintain their punitive damages/bad faith claim against Mrs. Brumley-Rebholz, when no other claim exists. *Id*.

In sum, Plaintiffs' negligence claim fails as a matter of law and thus, so does their bad faith/punitive damages claim.

### III. CONCLUSION

Based on the foregoing, Defendant, Regina Marie Brumley-Rebholz, respectfully requests that this Court enter judgment as a matter of law in her favor.

Respectfully submitted,

**REMINGER CO., L.P.A.**


/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)
525 Vine Street, Suite 1700
Cincinnati, OH 45202
PH:  513-721-1311
FX:  513-721-2553
Email:  cstarts@reminger.com
***Attorney for Defendant Regina Marie Brumlely-Rebholz***

**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed by regular U.S. mail and/or electronic mail this 20th day of August, 2018 to:

Jeffrey T. Kenney (0051807)
Melanie Lennon (0095576)
125 West Central Parkway
Cincinnati, OH 45202-1006
jkenney@drodermiller.com
mlennon@drodermiller.com
**Attorneys for Plaintiffs**

Katheryn M. Lloyd
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
lloyd@CarpenterLipps.com
**Attorney for Golden Rule Insurance Company**


/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)