# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARTHA BETHEL, *et al.*, | : | Case No. 1:18-cv-354 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| GOLDEN RULE INSURANCE COMPANY, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. 29) AGAINST DEFENDANT WEST CHESTER HOSPITAL, LLC

This case is before the Court on the Motion of Plaintiffs Martha Bethel and Richard Bethel for Default Judgment against Defendant West Chester Hospital, LLC ("Defendant" or "West Chester Hospital"). (Doc. 29). Defendant did not respond.

### I. PROCEDURAL HISTORY

Plaintiffs filed their Complaint on April 25, 2018 in the Warren County, Ohio Court of Common Pleas. (Doc. 3). The case was removed to federal court on May 22, 2018. (Doc. 1). On October 18, 2018, Plaintiffs filed an Amended Complaint naming West Chester Hospital as a defendant in this action. (Doc. 15).

West Chester Hospital was served with a copy of the summons and Amended Complaint on January 3, 2019. (Doc. 22). Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file and serve its answer no later than January 24, 2019. To date, no responsive pleading has been filed or served. On March 19, 2019, the Clerk

properly entered default. (Doc. 28). Subsequently, Plaintiffs filed the instant motion for default judgment. (Doc. 29).

## II. FACTUAL BACKGROUND

Plaintiff Martha Bethel was a patient at West Chester Hospital from October 1, 2016 to October 26, 2016. West Chester Hospital submitted an invoice to Plaintiffs for treatment in the amount of $75,845.65, account numbers 40760316 and 40776764. (Doc. 29 at 22–24).

Plaintiffs' Amended Complaint relates to a dispute with Defendant Golden Rule Insurance Company regarding Plaintiffs' health insurance coverage. (Doc. 15 at ¶¶ 27–33, 36–46). Plaintiffs named Defendant West Chester Hospital in this action so West Chester Hospital could assert any claims that it may have in this case concerning the payment of the invoices for services rendered. Now that default has been entered against Defendant West Chester Hospital, Plaintiffs request that the Court enter default judgment against West Chester Hospital barring it from seeking to collect any amount of money for the treatment rendered to Plaintiff Martha Bethel.

## III. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Murasaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S.

Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## IV.  ANALYSIS

Defendant West Chester Hospital having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Upon review of the record, the Court finds that default judgment is warranted in this case. Defendant's failure to respond to the Amended Complaint, the application for entry of default, or the motion for default judgment has made it clear that Defendant West Chester Hospital has no intention of defending this action. The record establishes that Plaintiffs are entitled to default judgment in their request for declaratory judgment that Defendant West Chester Hospital be barred from asserting any claims that it may have pertaining to Patient Account numbers 40760316 and 40776764, totaling $75,845.65.

## V. CONCLUSION

For these reasons, Plaintiffs' motion for default judgment against Defendant West Chester Hospital, LLC (Doc. 29) is **GRANTED**. Accordingly, the Court orders that Defendant West Chester Hospital, LLC is barred from seeking to collect any monies from Plaintiffs pertaining to Account Numbers 40760316 and 40776764 for dates of service October 1, 2016 through October 26, 2016, totaling $75,845.65.

**IT IS SO ORDERED.**

Date:    4/25/19

Timothy S. Black
United States District Judge